UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                               )
JULIAN QUINONES,               )
Individually and on Behalf of  )
All Others Similarly Situated, )
                               )
                Plaintiff,     )
                               )
        v.                     )          CIVIL ACTION
                               )          NO. 21-10933-WGY
FREQUENCY THERAPEUTICS, INC.,  )
DAVID L. LUCCHINO, and         )
CARL LEBEL,                    )
                               )
                Defendants.    )
_____)

YOUNG, D.J.                                November 1, 2024

**ORDER**

Congress envisioned the Private Securities Litigation
Reform Act of 1995 ("PSLRA") to raise the pleading standards,
striking a delicate balance between the need "to curb vexatious
litigation" and provide "bona fide claimants their day in
court."  In re Genzyme Corp. Securities Litig., 754 F.3d 31, 47
(1st Cir. 2014).  "[T]he PSLRA does not require that orders of
dismissal be with prejudice," id., and, while the First Circuit
has expressed "discomfort" and "concern" with dismissals with
prejudice of securities actions at the motion to dismiss stage,
it has also recognized that in appropriate cases it is

"certainly within the bounds of the district court's discretion to dismiss with prejudice."  Id. at 46-47.

Here, after the First Circuit affirmed the Court's dismissal of this action with prejudice, see Quinones v. Frequency Therapeutics, Inc., 106 F.4th 177 (1st Cir. 2024), lead plaintiff Julian Quinones ("Quinones") now moves pursuant to Rules 60(b)(2) and 60(b)(6) of the Federal Rules of Civil Procedure that this Court to vacate the dismissal of this action because he asserts newly discovered evidence cures the deficiencies that warranted dismissal.  Pl.'s Mot. Relief J. Rule 60(b) ("the Motion"), ECF No. 64; Pl.'s Mem. Supp. Mot. Relief J. Rule 60(b) ("Mem."), ECF No. 65.  The defendants Frequency Therapeutics, Inc. ("Frequency"), David L. Lucchino ("Lucchino"), Frequency's Chief Executive Officer, and Carl LeBel ("LeBel"), Frequency's Chief Development Officer (collectively "the Defendants"), oppose the motion.  Mem. Opp. Pl.'s Mot. Relief J. Rule 60(b)("Opp.").  Quinones filed a reply. Reply, ECF No. 70.  The parties have not requested oral argument, it is not necessary to determine on this motion.  See Local Rule 7.1 (e), (f).  For the reasons stated below, the motion is **DENIED.**

Federal Rule of Civil Procedure 60(b) provides six reasons upon which a "court may relieve a party or its legal representative from a final judgment, order, or proceeding ...."

Fed. R. Civ. P. 60(b), five of which are for specific reasons and a final, catch-all provision. "[R]elief under Rule 60(b) is extraordinary in nature," and "motions invoking that rule should be granted sparingly." Rivera-Velazquez v. Hartford Steam Boiler Inspection and Ins. Co., 750 F.3d 1, 3 (1st Cir. 2014) Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Here, Quinones moves for relief under Rule 60(b)(2) and Rule 60(b)(6). See Mem. §§ II, III.

The Rule 60(b)(2) motion is untimely, and fails on the merits. As for timing, a Rule 60(b)(2) motion for relief from judgment or order, that is, based upon the discovery of new evidence, must be brought "within a reasonable time," but in any event not "more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1); see Kemp, 596 U.S. at 533. This action was dismissed by a separate order of dismissal on **March 29, 2023**, which constituted a judgment for purposes of Rule 60(c).[1] See Order of Dismissal, ("In accordance with the Court's

---

[1] Quinones's confusion about the dismissal and its effect on this action, while perhaps an explanation is not a justifiable excuse. A separate order of dismissal of an action, as filed here, is a judgment for purposes of Rule 60. See Fed. R. Civ. P. 54(a) (defining "judgment" as "any order from which an appeal lies."). "Generally, when the district court is 'silent on the issue of prejudice,' [the First Circuit] 'presume[s] that such a dismissal was with prejudice.'" Foss v. Marvic Inc., 994 F.3d 57, 63 n. 6 (1st Cir. 2021) (quoting Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 49 (1st Cir. 2014). So it was here: the Court dismissed the action based upon the motion to dismiss pursuant to Fed. R. Civ.

MEMORANDUM AND ORDER entered on March 29, 2023, granting the defendants' motion to dismiss, it is hereby ORDERED that above-entitled action be and hereby is DISMISSED."), ECF No. 46; <u>see also</u> USCA Opinion ("Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The district court's **judgment** is affirmed.") (emphasis added)).  The instant motion was filed on **July 18, 2024**.  The motion is untimely.  Nothing prohibited Quinones from filing a motion for relief from judgment pursuant to Rule 60(b).  See <u>Hosp. San Antonio, Inc.</u> v. <u>Oquendo-Lorenzo</u>, 47 F.4th 1, 6 (1st Cir. 2022) ("[T]he district court had jurisdiction to entertain the [plaintiff's] Rule 60(b) motion despite [plaintiff's] pending appeal because the district court has 'continuing jurisdiction during an appeal to act in aid of the appeal.'").

  After the action was dismissed with prejudice, and while the appeal was pending, Quinones filed a Rule 62.1 motion to provide an indicative ruling on a Rule 15(a) motion, and argued in reply to the Defendants' opposition to that motion that Quinones also met Rule 60(b)(2) standards, but did not make a

---

P. 12(b)(6) without noting with prejudice on the separate order of dismissal because it was superfluous.  <u>See</u> Defs.' Mot. Dismiss Consolidate Class Action Complaint (seeking to dismiss the action with prejudice pursuant to Rule 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure), ECF No. 34.

separate Rule 60(b) motion.[2]  <u>See</u> Pl.'s Mem. Reply Defs.' Mot.
For Indicative Ruling Leave Amend. Class Action Compl. 3, 8, ECF
No. 58.

Rule 62.1 of the Federal Rules of Civil Procedure provides
a district court with only three options: "If a timely motion is
made for relief that the court lacks authority to grant because
of an appeal that has been docketed and is pending, the court
may: (1) **defer** considering the motion; (2) **deny** the motion; or
(3) **state either that it would grant the motion** if the court of

---

[2]  Quinones's blaming the Clerk for informing Quinones's
counsel that Quinones could file a motion for leave to amend is
inappropriate, and that argument is rejected.  <u>See</u> Reply 6 n.6.
As counsel knows -- or should know -- the Clerk's Office staff,
as knowledgeable and essential to the Court's work as they are,
are not authorized to provide legal advice, nor are they
authorized to clarify Court orders.  <u>See</u> <u>U.S.</u> v. <u>Tropeano</u>, 476
F.2d 586, 588 (1st Cir. 1973) ("The clerk's office is often
helpful and, from experience, parties may find the advice of a
clerk on all sorts of matters to be valuable.  Counsel must,
however, take their own chances on such informal instruction,
particularly in a situation like the present, where first hand
information and the ability to protect oneself is readily
available… If the rule were otherwise, courts would be obliged
to forbid their clerks to have any contact with counsel except
in the rigid performance of their statutory duties. The bar
would be the first to object to such a rule. The alternative is
that counsel must make their own decision whether to trust such
informal information, or, as we have sometimes found the problem
to be, and would seem here, to trust their own understanding of
what the clerk may have said.")  If there was any confusion as
to the Memorandum and Order dismissing this action or the
separate order of dismissal entered in this case, or what type
of post-judgment motion could be filed, Quinones should promptly
have filed a motion for clarification with the Court.  It did
not.

appeals remands for that purpose **or that the motion raises a substantial issue**." Fed. R. Civ. P. 62.1.

Here, Quinones moved for an order under subpart 3, "for an indicative ruling under Rule 62.1 that the Court **would grant leave to amend** Plaintiff's original complaint if the First Circuit remands for that purpose, **or alternatively, that this motion raises a substantial issue**." Rule 62. 1 Mot. 1, ECF No. 53 (emphasis added). The Court denied the Rule 62.1 Motion, and no appeal was taken from that order. See Elec. Order ECF No. 61 ("**Motion denied.** This case is on appeal; this Court's adjudicative responsibilities are thus limited to actions in aid of the appeal. It has no business now volunteering its views about post-decision events. Should the Court of Appeals desire any further analysis, it will ask.") (emphasis added). While denying the motion, this Court properly stayed in its lane, notifying the First Circuit that if called upon it would provide whatever assistance was requested, including for example, ruling on an (unfiled) Rule 60(b) motion, and if successful, thereafter ruling on a Rule 15 motion. Nothing prevented Quinones appealing the Court's order on the Rule 62.1 Motion, and that ruling could have been merged into the appeal.[3] Nothing

---

[3] Quinones in effect tried to argue the Court's denial of the Rule 62.1 motion at the First Circuit. The Court, of course, takes judicial notice of the docket and oral argument before the First Circuit in this action. The appeal was argued

prevented Quinones from filing a Rule 60(b) motion, especially
after being alerted to the need to do so by the Defendants, and
later the First Circuit.  Accordingly, there is no basis to
treat the instant motion as timely filed motion <u>nunc pro tunc</u> to
the denied Rule 62.1 motion.  While the First Circuit
acknowledged Quinones's purported newly discovered evidence, the
First Circuit ultimately ruled that any Rule 60(b) motion and
Rule 15 motion must first be brought in this Court, and
expressed "no opinion at all concerning the disposition of any
such motion."  USCA Opinion, ECF No. 62.

Accordingly, for the reasons stated above, Quinones's
motion for relief pursuant to Rule 60(b)(2) of the Federal Rules
of Civil Procedure is untimely and denied on this ground.

In the alternative, the rule 60(b)(2) motion fails on the
merits.  "True, within one year of final judgment a litigant may

---

on January 8, 2024.  The First Circuit Panel observed that a
ruling on a motion to amend the complaint was not before it, and
said that Quinones "need[ed] a Rule 60 motion to reopen the
record to allow [Quinones] to file a Rule 15 motion to amend."
Oral Argument at 7:48 - 7:56, <u>Quinones</u> v. <u>Frequency
Therapeutics, Inc.</u>, No. 23-01393 (1st Cir. Jan. 8, 2024),
https://www.ca1.uscourts.gov/sites/ca1/files/oralargs/23-
1393_20240108.mp3.  Quinones wanted a remand from First Circuit
with instruction to permit amendment.  The First Circuit Panel
questioned Quinones's counsel whether there was a timing issue
with respect to a Rule 60(b) motion at that point.  <u>Id.</u> at
10:26.  Quinones counsel acknowledged the one-year deadline, but
asserted that she nevertheless believed there was no timing
issue.  Notably, the First Circuit did not issue a remand, but
rather affirmed the dismissal.

move to reopen the judgment for newly discovered evidence, Fed.R.Civ.P. 60(b)(2), but only if [(1)] the evidence could not have been discovered through the exercise of due diligence, id.; Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir.1986), and [(2)]) the new evidence 'would probably have changed the outcome,'" Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005) (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)).  The present motion fails on both grounds.

First, Quinones has not met his burden to demonstrate that he exercised reasonable diligence to obtain the newly discovered evidence from two new confidential witnesses.[4]  More to the point, Quinones states that the two new confidential witnesses left Frequency in April 2022 –- eleven months before this Court dismissed the action.  In his motion, Quinones claims that the two new witnesses only "emerged" after the deadline to file an appeal had expired. Mem. 9.  Further, Quinones claims that only after the action was dismissed in March 2023, did he attempt to shore up additional sources of information. Mem. 10.  According to Quinones, contact was made with CW2 in June 2023, and CW2 was able to introduce CW3 to the investigator that same month.  Id.  As argued by the Defendants, this explanation is unadorned

---

[4]  The purported public information that is not new and was available to Quinones is not a basis to vacate the judgment, and is not here considered as grounds for Rule 60(b) relief.

argument by Quinones's counsel, and further reflects a time period of eleven months where Quinones did nothing further, apparently waiting to see if the motion to dismiss would be allowed.  Opp. 11-12.  As the Defendants point out, the reasons given for failure to locate Confidential Witness 2 and Confidential Witness 3 are at best unclear, and unsupported by a declaration or other reliable evidence that can be tested by the adversarial process.  Opp. 10.

In response, Quinones ignores the Defendants' point about supporting affidavits, and merely argues in his Reply that:

> the Original Complaint was filed on May 16, 2022 and at [that] time publicly available information did not reflect their departure.  This **most likely** was due to the fact that neither CW updated their public information to reflect being a former employee of Frequency immediately and [Quinone's counsel] has a strong policy of against contacting a defendant's current employees.  Thus, prior to the filing of the Original Complaint, Plaintiff **did not and could not** have contacted CW2 and CW3.  **It is unclear when their public information was finally updated to reflect their former employee status.**

Reply 5 (emphasis added).

Digging into the underlying Rule 62.1 Motion, the explanation is similarly unsupported by affidavit, and rings hollow:

> Thus, after filing the Original Complaint, Plaintiff ceased further investigation into the case, especially considering that, at that time, ***Plaintiff had no unpursued leads***. There was thus no further research even to be done. Once the Court granted Defendants' motion to dismiss on scienter grounds and, in its

opinion, provided specifics as to what in particular
was lacking in regards to scienter, Plaintiff reopened
his investigation. It was not until months after
reopening his investigation that CW2 was located and
began to discuss the allegations contained in the PAC,
and then connect Plaintiff's investigator with CW3.
Thus, this is not a situation where Plaintiff was in
the possession of further information pending the
motion to dismiss but "waited in the wings." Instead,
Plaintiff did not have this new evidence at the time
of the Original Complaint or even the decision on the
motion to dismiss. This is simply not delay.

* * * *

Plaintiff's investigator obtains lead lists from
publicly available information and neither CW2 or CW3
appeared on any "lead list" prior to the filing of the
Original Complaint.  This is most likely due to the
fact that neither CW updated their public information
to reflect being a former employee of Frequency
immediately and Plaintiff's counsel has a strong
policy against contacting a defendant's current
employees.  Thus, prior to the filing of the Original
Complaint, Plaintiff had no way of knowing about or
contacting CW2 and CW3. It is unclear when their
public information was finally updated to reflect
their former employee status. Plaintiff's
investigator, as stated herein, first located and
contacted them in June 2023.

Pl.'s Mem. Reply Defs.' Opp. Rule 62.1 Mot. 2, 11, ECF No. 58

(emphasis in original).  Notably, there is a complete absence of

evidentiary support for these statements.  Even crediting the

statements as true, they do not establish "reasonable diligence"

in obtaining the information.  Simply put, Quinones bears the

heavy burden of production and persuasion to obtain

extraordinary relief under Rule 60(b)(2).  He has not done so

here.  For example, there is an absence of any detail on the investigation protocols, what actions were undertaken, what public information was available and what was surveyed.[5]  This failure to present a "cogent reason" dooms the motion.  See In re Biogen Inc. Securities Litig., 857 F.3d 34, 45 (1st Cir. 2017).

Even if Quinones could establish reasonable diligence, the purported newly discovered confidential witnesses' statements, while providing additional factual allegations, on the whole do not present a **strong** inference of scienter.  See Quinones, 106 F.4th at 182.  Indeed, Quinones "cannot amalgamate a series of sketchy brushstrokes and call it a van Gogh."  Id. at 184.  Accordingly, relief under Rule 60(b) is not warranted and the motion under Rule 60(b)(2) must be denied.

Turning to Quinones's request for Rule 60(b)(6) relief, it is unavailable because 60(b)(2) is the proper avenue, and there are no extraordinary circumstances present to warrant relief.  While Rule 60(b)(6) "provides a catchall for 'any other reason

---

[5] The observation of the distinguished scholar John C. Coffee comes to mind. "Most firms…file smaller cases. These firms typically have clients who are individuals or smaller institutions, and they invest less time and attorney hours in their cases, and their goal is to reach a quick settlement before investing much money into the case." Stephen J. Choe, Jessica Erickson, Adam C. Pritchard, The Business of Securities Class Action Lawyering (2023), Law & Economic Working Papers. 253 at 7 (citing Professor Coffee).

that justifies relief[,]' [t]his last option is available **only when Rules 60(b)(1) through (b)(5) are inapplicable.**" Kemp v. U.S., 596 U.S. 528, 533 (2022) (emphasis added) (quoting Fed. R. Civ. P. 60(b)(6)).  As the First Circuit has held, "[i]t is a 'bedrock principle that clause (6) may not be used as a vehicle for circumventing clauses (1) through (5).'" Rivera-Vasquez, 750 F. 3d at 4 (quoting Cotto v. United States, 993 F.2d 274, 278 (1st Cir.1993)).  "This rule, however, does have a small escape hatch, in the event of 'extraordinary circumstances.'" Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997).  Here, Quinones primary avenue for Rule 60(b) relief is pursuant to Rule 60(b)(2) based upon newly discovered evidence and therefore the rule of mutual exclusivity is in play.  Accordingly, absent extraordinary circumstances, where there is an applicable asserted basis under Rule 60(b)(2), Rule 60(b)(6) is not "available". Kemp, 596 U.S. at 533.  There are no extraordinary circumstances present here.  The newly discovered evidence and its untimely presentation to this Court is merely repackaged as extraordinary circumstances.  Quinones's playing fast and loose with the Rules of Civil Procedure, and blaming the Court and the Clerk for Quinones's procedural missteps, is not extraordinary circumstances justifying relief.

Accordingly, for the reasons stated above, Quinones's Motion for Relief from Judgment under Rule 60(b), ECF No. 64, is hereby **DENIED**.

**SO ORDERED.**

                                        /s/ William G. Young
                                        WILLIAM G. YOUNG
                                              JUDGE
                                             of the
                                        UNITED STATES[6]

---

[6] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 46 years.

[13]